UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY EARL ROUSE,

       Plaintiff,

v.                                     Case No. 15-CV-1184-pp

STATE OF WISCONSIN,

       Defendants.

**DECISION AND ORDER SCREENING HABEAS PETITION (DKT. NO. 1)
AND ORDERING PETITIONER TO SHOW CAUSE
WHY THE PETITION SHOULD NOT BE DISMISSED**

      Ricky Earl Rouse filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. The petitioner, who is proceeding without a lawyer, is incarcerated in a Wisconsin state prison. He is serving a 25-year sentence imposed after he pleaded guilty to first degree reckless homicide. Id. at 1. In his petition, he claims that his trial lawyer provided constitutionally deficient representation because she encouraged him to plead guilty, "did not make any defenses available" for him, and did not "do any of the things" he asked her to do, which the petitioner claims renders his sentence unjust. Dkt. No. 1 at 5. He also claims that he was not competent to understand what was happening during his case because of PTSD and depression. Id. at 7.

      In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the court must review, or "screen" the petition. Rule 4 states:

1

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

When screening a *habeas* petition under Rule 4, the court analyzes whether it appears that the petitioner has avoided statute of limitations bars, exhausted the available state remedies, avoided procedurally defaulting his claim in state court, and set forth a cognizable constitutional or federal law claim. For the reasons explained below, the court orders the petitioner to show cause why the court should not dismiss the petition under the doctrine of procedural default.

I.  **BACKGROUND**

In 2005, the petitioner pled guilty to one count of first-degree reckless homicide. Dkt. No. 1 at 1. Court records publicly available in the petitioner's criminal case reflect that he initially entered a plea of not guilty by reason of mental defect or disease ("NGI"). State v. Rouse, No. 2005CF1647, (Milw. Cty. Cir. Ct.) (available at http://wcca.wicourts.gov (last visited December 15, 2015)). The circuit court ordered the petitioner to undergo competency and mental health evaluations. Based on the evaluating doctor's report, the court found the petitioner competent to stand trial, and the petitioner withdrew his NGI plea. He then entered a guilty plea to the charge of first-degree reckless homicide, and the court dismissed the "while armed" aggravator and the charge of felon in possession of a firearm.

2

The *habeas* petition reflects that, about nine years later, the petitioner filed a *pro se* post-conviction motion under Wis. Stat. §974.06 in the Milwaukee County Circuit Court. The petitioner states that he raised two issues in his motion—ineffective assistance of counsel and competency. Dkt. No. 1 at 2. The court of appeals' opinion and order in that case explains the petitioner's arguments and the reasons why the circuit court denied the motion. The petitioner argued that his lawyer "did not afford him the best defense possible." State v. Rouse, No. 2014AP1634, Opinion and Order at 3 (Wis. Ct. App., May 22, 2015) (available at http://wscca.wicourts.gov/index.xsl, last visited December 15, 2015). More specifically, the petitioner argued that he asked his lawyer to move the court "to have his case dropped to a lesser included charge, and she did not do that." Id. The petitioner further argued that his lawyer did not effectively argue that his mental health condition and history contributed to his state of mind at the time of the offense. Id. at 3-4.

The circuit court denied the motion without a hearing, concluding that the petitioner failed to identify any specific defense that his counsel failed to provide him. Id. Further, the circuit court explained that the petitioner's lawyer had informed the circuit court that the petitioner did not want to challenge the doctor's report, did not want to seek appointment of another doctor, and that wanted to withdraw his NGI plea. Id. The petitioner confirmed for the circuit court that he did not want to challenge the finding that he was competent to stand trial and that he wanted to withdraw his NGI plea. Id. The circuit court found that the petitioner was competent to stand trial and ordered his NGI plea

withdrawn. After plea negotiations, the petitioner pleaded guilty to first-degree reckless homicide and the state agreed to dismiss the "while armed" penalty enhancer and the charge of felon in possession of a firearm. The circuit court accepted the petitioner's plea and sentenced him to 25 years of initial confinement followed by 15 years of extended supervision.

The petitioner appealed the circuit court's order to the Wisconsin Court of Appeals. The court of appeals explained that, under State v. Allen, 2004 WI 106 ¶12, 274 Wis. 2d 568, 682 N.W.2d 433, a circuit court may deny a postconviction motion without a hearing if the motion fails to raise questions of fact or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief. After summarizing the essence of the petitioner's motion as consisting of three sentences, the court of appeals concluded that the petitioner's "conclusory allegations fall woefully short of establishing the necessary 'who, what, where, when, why, and how' details required in a postconviction motion." State v. Rouse, No. 2014AP1634, Opinion and Order at 5 (citing State v. Balliette, 2011 WI 79, ¶59, 336 Wis. 2d 358, 805 N.W.2d 334). The court of appeals further rejected arguments regarding his competency, which the petitioner raised for the first time in his appellate brief. Id.; State v. Rouse, No. 2014AP1634, Resp. Br. at 8 (Wis. Ct. App. Feb 10, 2015). The Wisconsin Supreme Court denied the petitioner's petition for review. The petitioner then filed his §2254 petition in this court.

## II. ANALYSIS

The court finds that in his federal petition, the petitioner has pleaded claims for relief—ineffective assistance of counsel and incompetence to stand trial—that are generally cognizable on federal *habeas* review. Next, the court must determine whether the petitioner's individual claims can proceed. First, the court must examine whether the petitioner has "exhausted" all of his state-court remedies as to each claim contained in the petition. A federal district judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). So, before a *habeas* petitioner's claims can be reviewed on their merits, the petitioner first must have appealed the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted).

In this case, the petitioner clearly presented his ineffective assistance of counsel claim to the circuit court in his §974.06 motion, and he pursued that claim to the Wisconsin Supreme Court. The court of appeals, however, did not address the merits of that claim because his §974.06 motion did not contain sufficiently detailed allegations. By contrast, the court of appeals concluded that the petitioner argued for the first time on appeal that circuit court erred by finding him competent to stand trial. The court of appeals refused to consider that argument for a different procedural reason—the court of appeals does not review allegations that were not "contained in the four corners of a

5

postconviction motion . . . ." State v. Rouse, No. 2014AP1634, Opinion and Order, at 5. The result of the court of appeals' decision is that both of the petitioner's claims appear to be "procedurally defaulted" for purposes of federal habeas review.

A petitioner can "procedurally default" his claim—and lose his right to federal *habeas* review—in two ways, both of which are relevant here: (1) if he fails to exhaust his state court remedies, Chambers v. McCaughtry, 264 F.3d 732, 737 (7th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A), or (2) if the last state court that rendered judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638 (1985)). When considering whether a state court decision rests on a state law procedural default, federal courts must look to "the last *explained* state court judgment." Ylst v. Nunnemaker, 501 U.S. 797, 805, 111 S. Ct. 2590, 2595 (1991). "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent" of the court's decision on the merits of the claims. Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010).

"When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst, 501 U.S. at 801, 111 S. Ct. at 2593. In other words, a federal *habeas* court cannot review a petitioner's claims when the state court has

6

declined to review them on the merits "pursuant to an independent and adequate state procedural rule," unless the petitioner can demonstrate either cause for the default and resulting prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991). An independent state ground exists "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012) (citing Kaczmarek v. Rednour, 627 F.3d 586, 592 (7th Cir. 2010)). A state law ground is adequate "when it is a firmly established and regularly followed state practice at the time it is applied." Id.

Discretionary procedural rules can serve as an adequate ground to bar federal habeas review." Beard v. Kindler, 558 U.S. 53, 60, 130 S. Ct. 612, 618 (2009). Before a Wisconsin court will grant an evidentiary hearing to a defendant on a §974.06 motion, the defendant must allege "sufficient material facts- e.g., who, what, where, when, why, and how-that, if true, would entitle him to the relief he seeks." Allen, 274 Wis. 2d at 573, 682 N.W.2d at 436. If the defendant does not give the trial court that information, the trial court has the discretion to deny the motion without a hearing, which is what happened in this case.

The Wisconsin Court of Appeals issued the last state court decision that evaluated the petitioner's §974.06 motion. It is clear that that decision rests on procedural, rather than substantive, grounds. First, expressly relying on State v. Allen, 2004 WI 106 ¶12, 274 Wis. 2d 568, 682 N.W.2d 433, and State v.

7

Balliette, 2011 WI 79, ¶59, 336 Wis. 2d 358, 805 N.W.2d 334, the Wisconsin Court of Appeals affirmed the circuit court's denial of the petitioner's §974.06 motion without a hearing, because he did not follow a Wisconsin state procedural rule that required him to give the circuit court adequate information about his ineffective assistance claims. Second, that court denied the petitioner's attempt "to augment his allegations and make new arguments on appeal," which were directed at his competency to stand trial, because he did not raise them in his §974.06 motion. Opinion and Order at 5, Rouse, No. 2014AP1634; see also Resp. Br. at 8, Rouse, No. 2014AP1634.

The court of appeals based its decision solely on procedural grounds—the petitioner's failure to present all of his allegations and arguments in his §974.06 motion and his failure to satisfy the Allen rule. Thus, that court's procedural decision is independent of the merits of the petitioner's claims. Holmes, 608 F.3d at 967. The remaining question is whether the rules it relied on are "firmly established and regularly followed. The Seventh Circuit previously has held that "[t]he Allen rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate." Id. (citing State v. Negrete, 343 Wis. 2d 1, 819 N.W.2d 749, 755 (2012); Balliette, 336 Wis. 2d 358, 805 N.W.2d 334, 339 (2011); State v. Love, 284 Wis. 2d 111, 700 N.W.2d 62, 68–69 (2005); State v. McDougle, 347 Wis. 2d 302, 830 N.W.2d 243, 247–48 (Ct. App. 2013)). Therefore, the court of appeals relied on an adequate and independent state ground and the petitioner's ineffective assistance claim is procedurally defaulted.

Federal courts can review a procedurally defaulted claim raised in a habeas petition only if the petitioner is able to demonstrate "cause and prejudice" for his default or show that the court's failure to examine a claim will result in a fundamental miscarriage of justice, id. (citing Coleman, 501 U.S. at 750). To establish cause, the petitioner must show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts." Id. (citing Murray v. Carrier, 477 U.S. 478, 495–96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " Lewis v Stearns, 390 F.3d 1019, 1026 (7th Cir. 2004) (citing United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). The miscarriage of justice exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." Lewis, 390 F.3d at 1026 (citing Schlup v. Delo, 513 U.S. 298, 327–29 (1995)).

Here, neither Rouse's petition nor the Wisconsin Court of Appeals' decision indicate that any external impediment prevented him from explaining his ineffective assistance claim in more detail in his §974.06 motion, or raising his competency argument in his §974.06 motion. Similarly, his petition does not suggest that a fundamental miscarriage of justice will result if the court does not consider these claims. Procedural default, however, is an affirmative defense for the respondent to raise; there is no requirement that a petitioner

9

show cause and prejudice or actual innocence in his petition. A court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." See, e.g., Gleash v. Yuswak, 308 F.3d 758, 760–61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). The court is raising the defensne in this case, but will give petitioner an opportunity to overcome his default by showing: (1) whether there is any cause to explain his failure to properly present his defaulted claims to the Wisconsin state courts, as well as (2) what prejudice he will suffer as the result of his failure to raise these claims properly; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charge to which he pled guilty. If petitioner fails to overcome his procedural default, the court will dismiss the petition.

### III. CONCLUSION

For the reasons explained above, the court **ORDERS** the petitioner to file a document showing cause why his petition should not be dismissed as barred by the doctrine of procedural default. The petitioner must file that document on or before **FEBRUARY 5, 2016**. If the petitioner cannot establish cause and

prejudice, or if he does not file the document by the deadline of February 5, 2016, the court will dismiss the petition.

Dated in Milwaukee, Wisconsin this 18th day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge