UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY EARL ROUSE,

        Plaintiff,

                                   Case No. 15-CV-1184-pp

v.

STATE OF WISCONSIN,

        Defendant.

## DECISION AND ORDER DENYING *HABEAS* PETITION (DKT. NO. 1) AND DISMISSING CASE

Ricky Earl Rouse, proceeding without a lawyer, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. In an order dated December 18, 2015, the court screened the petition under Rule 4 of the Rules Governing Section 2254 Cases. The court determined that the petitioner had alleged claims that generally are cognizable in a federal *habeas* petition and which he appeared to have exhausted in the state court system. The court determined, however, that it appeared that the petitioner had procedurally defaulted those claims by failing to raise them properly in state court.

Because procedural default is an affirmative defense, the court gave the petitioner the opportunity to show cause why the court should not dismiss the petition under that doctrine. The petitioner timely filed his response to the court's order. Dkt. No. 5. After reviewing the petitioner's brief, the court

1

concludes that he has procedurally defaulted on his claims, and that the court must dismiss the petition.

## I.     THE PETITIONER HAS NOT ESTABLISHED CAUSE AND PREJUDICE SUFFICIENT TO EXCUSE HIS PROCEDURAL DEFAULT, AND HAS NOT ESTABLISHED THAT A MISCARRIAGE OF JUSTICE WOULD RESULT IF THE COURT DID NOT CONSIDER HIS *HABEAS* CLAIMS ON THE MERITS.

In his petition, the petitioner argued that he was entitled to *habeas* relief because his trial counsel was ineffective and because he was incompetent to stand trial. The petitioner had presented these claims to the Wisconsin state courts in a post-conviction motion filed under Wis. Stat. §974.06. After the Wisconsin trial court denied the petitioner's motion without a hearing, he appealed to the Wisconsin Court of Appeals. That court affirmed the trial court's decision on procedural, rather than substantive, grounds. The Wisconsin Court of Appeals concluded that the petitioner did not follow a Wisconsin state procedural rule that required him to give the circuit court adequate information about his ineffective assistance claims. State v. Rouse, No. 2014AP1634, Opinion and Order at 4-5 (Wis. Ct. App. May 22, 2015) (citing State v. Allen, 2004 WI 106 ¶12, 274 Wis. 2d 568, 682 N.W.2d 433, and State v. Balliette, 2011 WI 79, ¶59, 336 Wis. 2d 358, 805 N.W.2d 334). Relying specifically on Allen, that court rejected the petitioner's attempt "to augment his allegations and make new arguments on appeal"—arguments which related to his competence to stand trial—because the petitioner had not raised those grounds in his §974.06 motion. Id. at 5; see also Resp. Br. at 8, Rouse, No. 2014AP1634.

2

The court of appeals based its decision solely on procedural grounds—the petitioner's failure to present all of his allegations and arguments in his §974.06 motion and his failure to satisfy the Allen rule. The court of appeals' decision was a procedural decision that was independent of the merits of the petitioner's claims. Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). The Seventh Circuit previously has held that "[t]he Allen rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014) (citing State v. Negrete, 343 Wis. 2d 1, 819 N.W.2d 749, 755 (2012); Balliette, 336 Wis. 2d 358, 805 N.W.2d 334, 339 (2011); State v. Love, 284 Wis. 2d 111, 700 N.W.2d 62, 68–69 (2005); State v. McDougle, 347 Wis. 2d 302, 830 N.W.2d 243, 247–48 (Ct. App. 2013)). A federal *habeas* court cannot review a petitioner's claims when the state court has declined to review them on the merits "pursuant to an independent and adequate state procedural rule." Coleman v. Thompson, 501 U.S. 722, 750 (1991) For those reasons, the petitioner's ineffective assistance claim is procedurally defaulted.

Federal courts can review a procedurally defaulted claim raised in a *habeas* petition only if the petitioner is able to demonstrate "cause and prejudice" for his default or show that the court's failure to examine a claim will result in a fundamental miscarriage of justice. Holmes, 608 F.3d at 967 (citing Coleman v. Thompson, 501 U.S. at 750)). To establish cause, the petitioner must show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts." Lewis v Stearns, 390

F.3d 1019, 1026 (7th Cir. 2004) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 492 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" <u>Id.</u> (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982) (emphasis in original)). The miscarriage of justice exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, *i.e.,* that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." <u>Id.</u> (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 327–29 (1995)).

Neither the petition nor the Wisconsin Court of Appeals' decision indicate that any external impediment prevented the petitioner from explaining his ineffective assistance claim in more detail in his §974.06 motion, or from raising his competence argument in that motion. The petitioner's response to the court's December 18, 2015 show cause order does not explain why he did not raise these claims properly in the state courts. Instead, the petitioner simply restates the claims he is trying to raise in his *habeas* petition—that he was not competent to stand trial, and that his trial counsel was ineffective for failing to argue that he was incompetent. The court understands the claims the petitioner wants to bring in federal court. But what he needed to show—and has not—was why he did not bring those claims (or, in the case of the ineffective assistance claim, did not provide details for the claim) in his post-conviction motion before the state court judge.

4

Nor has the petitioner established that a fundamental miscarriage of justice will result if the court denies his petition. "To ensure that the fundamental miscarriage of justice exception would remain rare and would only be applied in the extraordinary case, while at the same time ensuring that the exception would extend relief to those who were truly deserving, [the Supreme Court] explicitly tied the miscarriage of justice exception to the petitioner's innocence." Schlup, 513 U.S. at 321. The petitioner asserts that he "is not guilty of first degree reckless homicide," the charge to which he pleaded guilty, Dkt. No. 5 at 2, but does not point to any record evidence in support of that claim. Nor has he presented this court with any evidence that a "constitutional error has resulted in the conviction of one who is actually innocent of the crime." Id. at 324. His arguments relate, not to his innocence, but to his competence to stand trial.

The court has given the petitioner an opportunity to overcome the procedural default by showing cause that would explain his failure to properly present his claims to the Wisconsin state courts, and or by showing that a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charge to which he pled guilty. The petitioner has failed to show either cause for the procedural default and or a fundamental miscarriage of justice. The court must dismiss his petition.

## II. THIS COURT WILL NOT ISSUE A CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may

issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

If a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484. If, on the other hand, a district court dismisses a habeas petition based on procedural grounds, without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Each showing is a threshold inquiry; the court need only address one component if that particular showing will resolve the issue. Id. at 485.

The court concludes that its decision to dismiss the petitioner's claims on the grounds that the petitioner procedurally defaulted his claims, and did not show cause and prejudice to excuse his default, is neither incorrect nor

6

debatable among jurists of reason. Therefore, the court will not issue a certificate of appealability.

## III. CONCLUSION

The court **ORDERS** that the petitioner's petition for a writ of *habeas corpus* is **DENIED**, and **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 1st day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge